AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Washington

United States of America
v.
Leo John Yallup

*Defendant*

Case No. 1:15-cr-02031-LRS-1

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Leo John Yallup ,
who is accused of an offense or violation based on the following document filed with the court:

❒ Indictment ❒ Superseding Indictment ❒ Information ❒ Superseding Information ❒ Complaint
❒ Probation Violation Petition ☑ Supervised Release Violation Petition ❒ Violation Notice ❒ Order of the Court

This offense is briefly described as follows:

See Petition and Order filed 08/29/2022.

Date: Aug 29, 2022, 8:16 am

*Issuing officer's signature*

City and state: Yakima, Washington

Sean F. McAvoy, Clerk of Court/DCE
*Printed name and title*

**Return**

This warrant was received on *(date)* ________ , and the person was arrested on *(date)* ________
at *(city and state)* ________ .

Date: ________

*Arresting officer's signature*

*Printed name and title*

PROB 12C
(6/16)

Report Date: August 26, 2022

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Aug 29, 2022
SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Leo John Yallup | Case Number: 0980 1:15CR02031-LRS-1

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: January 6, 2016

Original Offense: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1); Crime on Indian Reservation - Assault with a Dangerous Weapon, 18 U.S.C. §§ 1153 and 113(a)(3)

Original Sentence: Prison - 70 months; TSR - 36 months | Type of Supervision: Supervised Release

Revocation Sentence: (October 15, 2021) Prison - 6 months; TSR - 30 months

Asst. U.S. Attorney: Alison L. Gregoire | Date Supervision Commenced: February 28, 2022

Defense Attorney: Molly M. Winston | Date Supervision Expires: August 27, 2024

---

### PETITIONING THE COURT

To issue a warrant.

On March 1, 2022, supervised release conditions were reviewed and signed by Mr. Yallup acknowledging an understanding of his conditions.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: Mr. Yallup is alleged to have violated his conditions of supervised release by consuming a controlled substance, methamphetamine, on or about August 7, 2022. |

On August 10, 2022, Mr. Yallup reported to the probation office as directed. While in the office, Mr. Yallup admitted to consuming methamphetamine on August 7, 2022. Before departing, Mr. Yallup signed an Admission/Denial form admitting he consumed methamphetamine.

2 **Special Condition #6**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Mr. Yallup is alleged to have violated his conditions of supervised release by consuming alcohol on or about August 7, 2022.

On August 10, 2022, Mr. Yallup reported to the probation office as directed. While in the office, Mr. Yallup admitted to consuming alcohol on August 7, 2022. Before departing, Mr. Yallup signed an Admission/Denial form admitting he consumed alcohol.

3 **Standard Condition #2**: After initially reporting to the probation office, you will receive instruction from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Mr. Yallup is alleged to have violated his conditions of supervised release by failing to report to the probation office on August 24, 2022, before 2 p.m.

On August 19, 2022, this officer received a telephone call from Merit Resource Services (Merit) staff regarding Mr. Yallup being unable to provide a urinalysis (UA) due to a possible medical condition on August 18, 2022. This officer attempted to contact Mr. Yallup by telephone numerous times between August 19, and 23, 2022; however, all attempts were unsuccessful.

On August 23, 2022, this officer attempted to contact Mr. Yallup at his listed residence with the probation office. This officer made contact with an individual who identified himself as Mr. Yallup's brother. Mr. Yallup's brother said Mr. Yallup was not home and he had not seen him for a few days. This officer provided him a business card with reporting instructions for Mr. Yallup to report to the probation office by August 24, 2022, before 2 p.m.

On August 24, 2022, Mr. Yallup failed to report to the probation office as directed and his current whereabouts is unknown.

4 **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Yallup is considered to be in violation of his supervised release conditions by failing to report to Merit for urinalysis (UA) on August 25, 2022.

On August 10, 2022, the substance abuse testing instructions were reviewed with Mr. Yallup. Mr. Yallup verbally acknowledged his understanding of the testing program, and was instructed to call the Merit colorline system for the color brown. When the color brown was called, Mr. Yallup was to report to Merit and submit to a drug screen.

On August 26, 2022, this officer received notification from Merit that Mr. Yallup failed to submit a UA on August 25, 2022.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 26, 2022

s/Kyle Mowatt

Kyle Mowatt
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

August 29, 2022

Date

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
PROBATION OFFICE

**MATTHEW L. THOMPSON**

CHIEF PROBATION OFFICER
U.S. COURTHOUSE
920 W Riverside, Room 540
PO BOX 306
SPOKANE, WA 99210-0306
(509) 742-6300 / fax (509) 742-6339

August 26, 2022

**BRANCH OFFICES**

FEDERAL BUILDING
25 S. 3rd Street, Room 326
PO BOX 1791
YAKIMA, WA 98907-1791
(509) 574-5535 / fax (509) 574-5539

FEDERAL BUILDING
825 Jadwin Ave, Suite 170
RICHLAND, WA 99352-0446
(509) 943-8130 / fax (509) 943-8139

REPLY TO Yakima

The Honorable Lonny R. Suko
Senior United States District Judge
William O. Douglas Courthouse
PO Box 2706
Yakima, Washington 98907

RECEIVED
Aug 29, 2022
CLERK, U.S. DISTRICT COURT




**RE: Yallup, Leo John**
**Dkt. No. 0980 1:15CR02031-LRS-1**
**Custody Status: Absconder**
**Violation Report #1**

Dear Judge Suko:

Attached for the Court's review is a petition for action on the above-captioned offender. The circumstances of the alleged noncompliant behavior are reported therein.

**Compliance with Supervision Conditions:**

On January 6, 2016, Mr. Yallup was sentenced by Your Honor in the Eastern District of Washington, for the offenses of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and Crime on Indian Reservation-Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3).

On June 5, 2020, Mr. Yallup commenced his 36-month term of supervised release in the Eastern District of Washington. On October 15, 2021, Mr. Yallup's supervised release was revoked for consuming alcohol, possessing a dangerous weapon, and using illegal controlled substances. Mr. Yallup was sentenced to 6 months of confinement with a 30-month term of supervised release.

On February 28, 2022, Mr. Yallup was released to the community in Spokane, Washington. Since his release to the community, Mr. Yallup secured full-time employment and entered outpatient substance abuse treatment on March 8, 2022, at Pioneer Human Services.

On August 8, 2022, Mr. Yallup quit his job due to issues with his girlfriend, and he wanted to move to his mother's residence in White Swan, Washington, due to the breakup. The mother's address was approved, and Mr. Yallup's supervision was transferred to the Yakima, Washington, probation office.

On August 10, 2022, Mr. Yallup reported to the probation office. While in the office, Mr. Yallup admitted to consuming methamphetamine and alcohol on or about August 7, 2022. Before departing, Mr. Yallup signed an Admission/Denial form admitting consumption of both methamphetamine and alcohol.

On August 19, 2022, this officer received a telephone call from Merit Resource Services (Merit) staff regarding Mr. Yallup being unable to provide a UA due to a possible medical condition on August 18, 2022. As a result, this officer attempted to contact Mr. Yallup by telephone between August 19, and 23, 2022; however, all attempts were unsuccessful.

On August 23, 2022, this officer attempted to contact Mr. Yallup at his listed residence with the probation office. This officer contacted an individual who identified himself as Mr. Yallup's brother. Mr. Yallup's brother stated Mr. Yallup was not home and he had not seen him for a few days. This officer provided him a business card with reporting instructions for Mr. Yallup to report to the probation office by August 24, 2022, before 2 p.m.

On August 24, 2022, Mr. Yallup failed to report to the probation office as directed, and his current whereabouts is unknown. On August 25, 2022, this officer attempted to contact Mr. Yallup by telephone; however, the voicemail box was not set up.

As of the submission of this report, Mr. Yallup has not made himself available for supervision, nor has he contacted this officer. Additionally, Mr. Yallup's current whereabouts is unknown. For this reason, this officer respectfully requests a warrant be issued for the above-noted violations.

**<u>Offender Characteristics</u>:**

Mr. Yallup is currently unemployed. Mr. Yallup resides at 2551 Signal Peak Road, White Swan, Washington 98952. Mr. Yallup has satisfied his special assessment fee of $100.

**Statutory and Guideline Provisions:**

Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years in prison if such offense is a Class B felony, more than 2 years in prison if such offense is a Class C or D felony, or more than 1 year in any other case.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

As a cost-containment measure, in March 2004, the Judicial Conference endorsed a non-binding policy that substantially restrains enhanced sentencing authority. This policy was incorporated in our agency's Monograph 109, *The Supervision of Federal Offenders:*

*Although it is statutorily permissible to impose a new term of supervised release in most post-April 30, 2003, cases, officers should ordinarily recommend a new supervised release sentence only when the prison time imposed for the current violation, plus any prison time imposed for a prior revocation(s) of this term of supervised release, is less than the maximum prison term set forth at 18 § 3583(e)(3).*

If revoked, the following options are available for sentencing:

**Original Criminal History Category:** **IV**
**Grade of Violation:** **C**
**Class of Offense:** **Class C Felony**

| | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **CUSTODY:** | Not more than 2 years | 6-12 months |
| **SUPERVISED RELEASE:** | 30 months minus custody imposed | 30 months minus custody imposed |

It is respectfully recommended that the Court issue a warrant requiring Leo John Yallup to appear to answer to the allegations in the attached petition.

Respectfully submitted,

Matthew L. Thompson
Chief U.S. Probation Officer

By: s/Kyle Mowatt 08/26/2022
Kyle Mowatt Date
U.S. Probation Officer

APPROVED BY:

s/SanJuanita B. Coronado 08/26/2022
SanJuanita B. Coronado Date
Supervisory U.S. Probation Officer

KDM:tg